NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada State Bar Number 13644
BRETT C. RUFF
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
brett.ruff@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ANDRE WEAVER,<br><br>Defendant. | Case No. 2:20-mj-00310-DJA<br><br>**Stipulation to Continue Preliminary Hearing** |

IT IS HEREBY STIPULATED AND AGREED by and between, Nicholas A. Trutanich, United States Attorney, District of Nevada, Brett Ruff, Assistant United States Attorney, representing the United States of America, and Erin Gettel, Assistant Federal Public Defender, representing Defendant David Andre Weaver, that the preliminary hearing in the above-captioned case, which is currently scheduled for May 14, 2020 at 4:00 p.m., be continued by 30 days and reset to a time and date acceptable to the Court.

///

///

///

1. In light of the COVID-19 pandemic and as authorized by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Chief Judge of the District of Nevada issued General Order 2020-05 on March 30, 2020. General Order 2020-05 authorizes the use of videoconferences in criminal hearings, including preliminary hearings.

2. Pursuant to the CARES Act and General Order 2020-05, and to permit appropriate social distancing during this COVID-19 pandemic, the preliminary hearing in this matter will be held via videoconference. It currently is scheduled for May 14, 2020 at 4 p.m.

3. Judge Albregts' chambers contacted counsel for the parties and informed them that, due to the Court's limited videoconferencing resources, it is necessary to continue the preliminary hearing in this case from May 14, 2020 to May 15, 2020.

4. The parties jointly believe that it would be prudent and there is good cause to continue the hearing further, and they request a continuance of 30 days.

5. Federal Rule of Criminal Procedure 5.1(c) provides that the magistrate judge must hold the preliminary hearing no later than 14 days after the initial appearance if the defendant is in custody. Here, the defendant's initial appearance was April 30, 2020, so the deadline for the preliminary hearing is May 14, 2020.

6. Federal Rule of Criminal Procedure 5.1(d), in turn, provides that a magistrate judge may extend the time limits in Rule 5.1(c) with the defendant's consent and upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases. Because of the COVID-19 pandemic, and the resulting various closures, resource limitations, and social distancing guidelines, good cause exists to extend the deadline for the preliminary hearing.

7. The defendant is in custody but consents to the continuance.

8. The time from May 14, 2020 through the continued hearing date will be excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), which provides that the Court may exclude time arising from a continuance upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and the public in a speedy trial.

9. The time from May 14, 2020 through the continued hearing date will be excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv). The time from May 14, 2020 through the continued hearing date also will be excludable in computing the 90-day speedy trial clock imposed by the Speedy Trial Act, Title 18, United States Code, Section 3161(c), considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

10. This continuance is not sought for purposes of delay but to account for COVID-19 public health emergency, and the resulting various closures, resource limitations, and social distancing guidelines.

///

///

///

///

///

///

///

11. Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendant in a speedy trial.

DATED this 13th day of May, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

/s/
BRETT RUFF
Assistant United States Attorney

/s/
ERIN GETTEL
Counsel for Defendant
David Andre Weaver

4

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ANDRE WEAVER,<br><br>Defendant. | Case No. 2:20-mj-00310-DJA<br><br>**Proposed Findings and Order on Stipulation to Continue Preliminary Hearing** |

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

1. In light of the COVID-19 pandemic and as authorized by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Chief Judge of the District of Nevada issued General Order 2020-05 on March 30, 2020. General Order 2020-05, among other things, authorizes the use of videoconferences in criminal hearings, including preliminary hearings.

2. Pursuant to the CARES Act and General Order 2020-05, and to permit appropriate social distancing during this COVID-19 pandemic, the preliminary hearing in this matter currently is scheduled to be held via videoconference on May 14, 2020 at 4:00 p.m.

3. Because of the COVID-19 public health emergency and the resulting various closures, resource limitations, and social distancing guidelines, good cause exists to extend the deadline for the preliminary hearing by 30 days pursuant to Federal Rule of Criminal Procedure 5.1(d).

4. The defendant is in custody but consents to the continuance.

5. The time from May 14, 2020 through the continued hearing date is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), which provides that the Court may exclude time arising from a continuance upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and the public in a speedy trial. Here, the ends of justice served by granting the continuance outweigh the best interest of the defendant and the public in a speedy trial.

6. The time from May 14, 2020 through the continued hearing date is excludable in computing the time within which the indictment must be filed pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(b), considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

7. The time from May 14, 2020 through the continued hearing date is excludable in computing the 90-day speedy trial clock imposed by the Speedy Trial Act, Title 18, United States Code, Section 3161(c), considering the factors under Title 18, United States Code, Section 3161(h)(7)(A) and (B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter currently scheduled for May 14, 2020, be vacated and continued to June 15, 2020 at 4:00 p.m.

DATED this 13th day of May, 2020.

_____
HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge